UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

MICHAEL THOMPSON                                           PLAINTIFF

v.                                  CIVIL ACTION NO. 1:17-CV-P12-GNS

MISSE CAUSEY et al.                                           DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff, Michael Thompson, filed a *pro se* complaint on this Court's form for prisoners bringing a civil-rights suit pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

**I. SUMMARY OF CLAIMS**

Plaintiff is a pretrial detainee at the Warren County Regional Jail (WCRJ). He sues the WCRJ and WCRJ Correctional Officer Misse Causey in her individual capacity. His complaint alleges, *in toto*:

> Defendants refused to allow me to go to the law library on November 30th, 2016, and December 3rd and 4th 2016. Defendants refused to call my lawyer from November 30th – December 5th, 2016. Defendants put me isolation for 6 days even though I had no disciplinary violations. Defendants repeatedly placed me in a top bunk despite my medical condition that requires me to be on a bottom bunk.

Plaintiff asks for relief in the form of monetary and punitive damages and an injunction allowing him to sleep on the bottom bunk and giving him access to "my lawyer and law library."

**II. ANALYSIS**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the

Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### *Law library*

Plaintiff alleges that he was not allowed to go to the law library on three different days. The courts have recognized repeatedly that there is no constitutionally protected right of access to a law library. *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996). Prisoners do have a right of access to the courts, but it does not guarantee access to a prison law library. *Id.*; *Bounds v. Smith*, 430 U.S. 817, 830-31 (1977); *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985). In order to state a claim for a denial of access to the courts, a prisoner must demonstrate actual prejudice to pending litigation that challenges his conviction or conditions of confinement. *Lewis v. Casey*, 518 U.S. at 351 ("[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense.").

Plaintiff does not allege any actual prejudice to a pending litigation challenging his conviction or conditions of confinement. Consequently, this claim will be dismissed for failure to state a claim upon which relief may be granted.

### *Access to lawyer*

Plaintiff alleges that he was not allowed to call his attorney for a period of six days. The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This right includes the right to communicate with one's criminal-defense attorney while confined awaiting trial. *See Maine v. Moulton*, 474 U.S. 159, 170 (1985). However, Plaintiff does not allege that he did not have alternate means of communication with counsel, such as letters or personal visits. *See Aswegan v. Henry*, 981 F.2d 313, 314 (8th Cir. 1992) ("Although prisoners have a constitutional right of meaningful access to the courts, prisoners do not have a right to any particular means of access, including unlimited telephone use."); *White v. Blue*, No. 4:15-CV-P100-JHM, 2015 WL 9244491, at *2 (W.D. Ky. Dec. 17, 2015) (finding that, where plaintiff did not allege that he did not have other means of communicating with his attorney, plaintiff had not alleged any constitutional violation with regard to access to the phone or his attorney). This claim will be dismissed for failure to state a claim upon which relief may be granted.

### *Isolation*

Plaintiff alleges that he was placed in segregation for six days even though he had no disciplinary violations. A state pretrial detainee, like Plaintiff, is "shielded from cruel and unusual punishments by the Fourteenth Amendment's Due Process Clause, which provides similar if not greater protections than the Cruel and Unusual Punishments Clause." *Spencer v.*

*Bouchard*, 449 F.3d 721, 727 (6th Cir. 2006) (footnote and citations omitted) (*abrogated on other grounds by Jones v. Bock*).

Temporary placement in isolation/segregation in and of itself does not give rise to a constitutional claim because it does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Thus, it is considered atypical and significant only in "extreme circumstances." *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010). Generally, courts will consider the nature and duration of placement in segregation to determine whether it imposes an atypical and significant hardship. *Harden-Bey v. Rutter*, 524 F.3d 789, 794 (6th Cir. 2008).

Segregation for six days, as Plaintiff alleges, does not impose an atypical and significant hardship. *See Sandin*, 515 U.S. at 485 (concluding that disciplinary segregation for 30 days did not impose an atypical and significant hardship); *see also Joseph v. Curtin*, 410 F. App'x at 868 (finding that a 61-day stay in administrative segregation was not atypical and significant); *Rodgers v. Johnson*, 56 F. App'x 633, 636 (6th Cir. 2002) (finding that the prisoner's extended stay in administrative segregation did not give rise to a protected liberty interest); *Jones v. Baker*, 155 F.3d 810, 813 (6th Cir. 1998) (finding that segregation for 30 months did not create a liberty interest violative of the Due Process Clause); *Collmar v. Wilkinson*, No. 97-4374, 1999 WL 623708, at *3 (6th Cir. Aug. 11, 1999) (finding that neither eight months administrative segregation nor 14 days disciplinary segregation constituted an atypical and significant hardship on inmates). Accordingly, this claim must be dismissed.

### *Top bunk*

Plaintiff alleges that Defendants "repeatedly" placed him in a top bunk despite his medical condition that requires him to be on a bottom bunk. Plaintiff does not explain to what medical condition he is referring. Nor does he allege that he suffered any injury from being assigned to the top bunk. Further, he does not allege that Defendants knew of the medical condition which, according to Plaintiff, required a bottom bunk placement.

Plaintiff's allegation that Defendants failed to provide him with a bottom bunk implicates the Cruel and Unusual Punishment Clause of the Eighth Amendment, applicable to Plaintiff, a pretrial detainee, through the Fourteenth Amendment. A claim such as this is comprised of objective and subjective components: (1) a sufficiently grave deprivation and (2) a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 1977 (1994); *Woods v. LeCureux*, 110 F.3d 1215, 1222 (6th Cir. 1997). A prison official cannot be found liable unless the official has acted with deliberate indifference; that is, the official must know of and disregard an excessive risk to inmate health or safety. *Farmer*, 511 U.S. at 837; *see also Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991) (holding deliberate indifference standard applies to all claims challenging conditions of confinement to determine whether defendants acted wantonly). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer*, 511 U.S. at 837.

Negligent exposure to a risk is not sufficient to create a constitutional violation. *Id.* at 835-36. Even an official's failure to alleviate a significant risk that he should have perceived but did not cannot be condemned as the infliction of punishment. *Id.* at 837-38. Thus, accidents, mistakes, and other types of negligence are not constitutional violations merely because the victim is a prisoner. *Acord v. Brown*, No. 93-2083, 1994 WL 679365, at *2 (6th Cir. Dec. 5,

1994) (per curiam) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  Here, Defendants' assignment of Plaintiff to a top bunk without any allegations that Defendants knew of and disregarded a medical condition that required bottom-bunk placement simply does not rise to the level of criminal recklessness.  "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment."  *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam).  Thus, Plaintiff fails to state a claim for which relief may be granted regarding his assignment to the top bunk.

### III. CONCLUSION

For the foregoing reasons, by separate Order, this case will be dismissed.

Date:  April 17, 2017

**Greg N. Stivers, Judge**
**United States District Court**

cc:     Plaintiff, *pro se*
        Defendants
        Warren County Attorney
4416.009